UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                              :
                                                    :    CASE NO. 19-53270-SMS
JASON WARD FREEMAN,                                 :
                                                    :    CHAPTER 7
    Debtor.                                         :
                                                    :
_____                 :
                                                    :
Martha A. Miller, Trustee for the Chapter 7         :
Estate of Jason Ward Freeman,                       :
                                                    :
    Movant,                                         :
                                                    :
v.                                                  :
                                                    :
BLACKSTOCK'S, INC.,                                 :
                                                    :
    Respondent.                                     :
_____                 :

**NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS**

**TO: Daniel G. South, CEO and Reg. Agent Blackstock's, Inc.
Blackstock's Inc.
d/b/a Blackstock's Equipment
804 Bill Rutledge Rd.
Winder, GA 30680**

PLEASE TAKE NOTICE that as authorized by the Order of the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, entered on July 9, 2019 (Dkt. No. 41), a copy of which is attached (the "Order") and pursuant to Fed. Rule of Civil Proc. 45(a)(1)(C) & (D), made applicable to bankruptcy cases by Fed.R.Bankr. P.

{21306/006/01292417.DOCXv1}1

2004 and 9016, Martha Miller ("Trustee") as Chapter 7 trustee in the above-captioned case, through counsel, has issued a Subpoena seeking the production of documents from Blackstock's Inc. d/b/a/ Blackstock's Equipment beginning at 10:00 a.m. on the 7th day of August, 2019, and continuing on a rolling basis until such production is completed, at the offices of counsel for the trustee, 125 Clairmont Ave., Ste 440, Decatur, Georgia 30030, or to P.O. Box 5630, Atlanta, Georgia 31107, or preferably, electronically at mmiller@mmillertrustee.com.

PLEASE TAKE FURTHER NOTICE that Blackstock's Inc. may satisfy the Subpoena by attaching true and correct copies of the requested documents to a Declaration made pursuant to 28 U.S.C. sec. 1746 in accordance with the form attached hereto certifying to the number of pages and materials provided, and their authenticity, and delivering said documents to the above alternative address so that they rrive on the date on which their production is requested.

PLEASE TAKE FURHTER NOTICE that as authorized by the order, Trustee reserves the right and opportunity to issue one or more additional Subpoenas to Blackstock's Inc., and as applicable personas associated with Blackstock's Inc. within th scope of inquiry authorized by FEBT 2004(b).

This 22nd day of July, 2019.

Submitted:

Martha A. Miller

{21306/006/01292417.DOCXv1}2

                                              Martha A. Miller
                                              Georgia Bar No. 507950
                                              Attorney for Trustee

Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107
mmiller@mmillertrustee.com
(404) 941-7360

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__NORTHERN__ District of __Georgia__

In re __Jason Ward Freeman__
     Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __19-53270-SMS__

Chapter __7__

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Daniel G South, CEO + Reg. Agent Blackstock's Inc.__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  125 Claimont Ave SW 440 Decatur GA 30030 | DATE AND TIME  August 7, 2019 10:00 am |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/22/19__

CLERK OF COURT

_____                OR   __/s/ Martha A Miller__
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Trustee Martha A Miller__, who issues or requests this subpoena, are:
__P.O. Box 5630, Atlanta GA 30-31107; mmiller@mmillertaxlaw.com; 404-941-7360__

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 19-53270-sms    Doc 44    Filed 07/22/19    Entered 07/22/19 16:30:36    Desc Main
Document    Page 5 of 16

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Daniel C South
Blackstocks Inc. 804 Bill Rutledge Rd Winder GA 30680  1st Class US Mail
_____ on *(date)* 7/22/19 ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __N/A__ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/22/19

_____
Server's signature

MARTHA A MILLER Attorney at Law
TRUSTEE
Printed name and title

P.O. Box 5630
Atlanta, GA 30107
Server's address

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "A"

## INSTRUCTIONS

Each of the Requests (a "Request") hereinafter set forth is deemed to be continuing to the extent permitted by the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure. Movant demands that if at any later date you obtain or discover any additional documents different from those produced in response to these Requests that fall within the scope of these Requests, you shall promptly notify counsel for the Movant of the existence of such documents and permit their inspection and copying within three days after such documents are obtained or discovered.

In the event that you wish to assert either the attorney-client privilege or work product exclusion, or both, or any other privilege as to any document requested herein, then as to each such document you are requested to provide Movant's counsel with an identification of such document in writing, such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, a summary statement of the subject matter of such document in sufficient detail to permit the Court to reach a determination in the event of a motion to compel production of such document, and a statement of the basis for assertion of the privilege or exclusion.

Whenever production is requested of a document which is no longer in your possession, custody or control, your response should include:

{21306/006/01292417.DOCXv1}5

- Identify that document by name, date, number of pages, and other description;

- State when the document was most recently in your possession, custody or control;

- Describe the disposition of the document; and

- State the identity of the person now in possession, custody or control of such document. If the document has been destroyed, the response should state the reason for its destruction and the identity of the persons who destroyed the document and who directed that the document be destroyed.

## DEFINITIONS

A.   As used herein, the word "document" is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and shall mean any written, printed, recorded, taped, electromagnetically recorded or encoded, electronically stored, graphic or other matter of every type and description that is or has been in the possession, custody, or control of you or any of your agents and attorneys, or of which you have knowledge, and shall include without limitation, the following: letters, correspondence, books, articles, reprints, resolutions, minutes, communications, messages, e-mails, electronic communications, electronically stored information, notes, loan documents, collateral documents, stenographic or handwritten notes, memoranda, diaries, contracts, subcontracts, bids, worksheets, drafts, agreements, records, resumes, invoices, receipts, bills, cancelled checks, financial statements, audit reports, tax returns,

{21306/006/01292417.DOCXv1}6

calendars, schedules, affidavits, statements, summaries, studies, calculations, estimates, diagrams, sketches, drawings, plans, photographs, tapes, videotapes, movies, recordings, transcriptions, work orders, computer print-outs, computer disks, data processing cards, data storage cards, and the like; and where originals of such documents are not available or are not in your possession, custody or control, every copy of every such document; and every copy of every such document where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

B.    As used herein, "You" or "Yours" refer to Blackstock's, Inc., its affiliates, including without limitation Blackstock's Equipment Sales, authorized agents, attorneys, representatives, and to any other person that is or has ever acted for or on its behalf.

C.    As used herein, the "Case" refers to the Bankruptcy Case filed by Jason Ward Freeman ("Debtor") pending in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division as Case No. 19-53270-SMS.

D.    As used herein, "Debtor" refers to Jason Ward Freeman.

## DOCUMENTS TO BE PRODUCED

1. All documents relating, referring to or supporting the sale or transfer of any property of any nature, including without limitation, equipment, inventory, customer lists, trade name, intellectual property of any type, by You to Debtor or to Tynan Enterprises, LLC

{21306/006/01292417.DOCXv1}7

("Tynan"), including without limitation, buy/sell agreements, asset purchase agreements, agreements as to the use of resources, or rental agreements.

2. All documents relating, referring to or supporting all income or compensation received by Blackstock's, including to Jefferson South personally, from Debtor or Tynan from the sale(s) or transfers disclosed in response to Request No. 1 above, providing the amounts received, source of receipts, and dates of receipt.

3. All documents relating, referring to or supporting the salary, commission, or benefits of any nature received by Debtor from Blackstock's or Blackstock's Equipment Sales as of January 1, 2006 to the present, including without limitation all employment or commission agreements in effect during this time period.

4. Copies of the compensation and commission agreements as of March 1, 2018 with each of Your other sales staff, including without limitation, Barry Patrick and Robert South, and redacting the name of the respective individual from the produced agreement.

5. Copies of all sale records reflecting commissions earned by Debtor and applied to debt obligations of Debtor owed to You or to Jefferson South, providing the amount of the commission applied, source and date received from January 1, 2015 to the present.

6. Copies of all correspondence, including memoranda, emails and text messages, regarding, relating to or referring to any obligation owed to You or to Jefferson South by Debtor from January 1, 2015 to the present.

**IT IS ORDERED as set forth below:**

**Date: July 9, 2019**

*Sage M. Sigler*
Sage M. Sigler
U.S. Bankruptcy Court Judge

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CASE NO. 19-53270-SMS |
| JASON WARD FREEMAN, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| _____ | : |
| | : |
| Martha A. Miller, Trustee for the Chapter 7 Estate of Jason Ward Freeman, | : |
| | : |
| Movant, | : |
| | : |
| v. | : |
| | : |
| BLACKSTOCK'S INC., | : |
| | : |
| Respondent. | : |
| _____ | : |

:ORDER GRANTING MOTION FOR EXAMINATION
PURSUANT TO FED. R. BANK. P. 2004

{29999/106/01466076.DOCXv1}

The motion of Martha Miller, Chapter 7 trustee ("<u>Movant</u>") for an order authorizing the examination of a corporate representative of Blackstock's Inc. pursuant to Rule 2004 (Dkt. No. 38) having been read and considered, it is,

**ORDERED** that the motion is **GRANTED** to permit that examination in accordance with Fed.R.Bankr.P. 2004(b) at a mutually agreed time and place. If attendance and production of documents cannot be obtained voluntarily, Movant may compel attendance and production of documents as provided in Fed.R.Bankr.P. 2004(c).

**IT IS FURTHER ORDERED** that Movant Trustee is hereby authorized to pay a witness fee and mileage in connection with the service of any subpoena, a reasonable court reporting fee and any other actual and necessary expenses incurred in connection with the examination.

**END OF DOCUMENT**

Prepared and Presented by:

*/s/ Martha A. Miller*
Martha A. Miller
Counsel for Trustee
GA. Bar No. 507950
P.O. Box 5630
Atlanta, Georgia 31107
(404) 617-9708
mmiller@mmillertrustee.com


**DISTRIBUTION LIST**

Office of the United States Trustee
Room 362, Richard Russell Fed. Bldg.
75 Ted Turner Dr., SW
Atlanta, GA 30303

Daniel G. South
Registered Agent
Blackstock's, Inc.
804 Bill Rutledge Rd.
Winder, GA 30680

Martha Miller
Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107

Charles N. Kelley
Kelley & Clements, LLP
P.O. Box 2758
Gainesville, GA 30503

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                    :
                                          :  CASE NO. 19-53270-SMS
JASON WARD FREEMAN,                       :
                                          :  CHAPTER 7
          Debtor.                         :
                                          :
_____            :

DECLARATION

Pursuant to 28 U.S. C. sec. 1746, the Undersigned makes this Declaration for use in the above-styled case, and shows as follows:

1. I am of legal age, under no legal disability and make this Declaration based upon my personal knowledge of the facts stated herein.

2. I am the custodian of the records requested by Martha Miller, Trustee under Chapter 7 of Title 11 of the United States Code of the above- named Debtor, in the above-styled case pursuant to that Subpoena to Produce Documents and Notice of same served upon Daniel G. South and Blackstock's Inc. pursuant to Rule 45 of the F.R.Civ.P. and Bankruptcy Rule 9016.

3. I have read the Subpoena, I have conducted or caused to be conducted an examination of the documents in my custody, and attached hereto are copies of those documents that are responsive to the Subpoena.

4. The attached records and documents: (a) consist of __ pages; (b) are true and correct copies of the records and documents in my custody and are responsive to the Subpoena, and (c) to the best of my knowledge based upon the examination conducted,

{21306/006/01292417.DOCXv1}

constitute all of the records and documents in the possession of Daniel G.South and or Blackstock's Inc. that are responsive to the Subpoena.

5.   To the best of my knowledge based upon the examination conducted: (a0 the attached records and documents are kept in the course of the regularly conducted business activities of Blackstock's Inc.; (b) it is the regular practice of Blackstock's Inc. to make or maintain such records and documents and (c) any of such records or documents made by the Undersigned were made at or near the time of the event they describe.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2019.

                Signature: _____

                Printed Name: _____

                Title/Position: _____

                Address: _____

                                  _____

                                  _____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CASE NO. 19-53270-SMS |
| JASON WARD FREEMAN, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| | : |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **Trustee's Notice of Subpoena for Production of Documents, Subpoena and Declaration** by depositing the same in the United States mail with sufficient postage affixed thereto and addressed as follows, or electronically as indicated:

Office of the United States Trustee
Martin.P.Ochs@usdoj.gov

Daniel G. South
Blackstock's, Inc.
804 Bill Rutledge Rd.
Winder, GA 30680

This 22nd day of July, 2019.

                                                            */s/ Martha Miller*
                                                            Martha A. Miller
                                                            Georgia Bar No. 507950
                                                            Counsel for Trustee

Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107
(404) 617-9708
mmiller@mmillertrustee.com

{21306/006/01292417.DOCXv1}