UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-53270-SMS |
| JASON WARD FREEMAN, | CHAPTER 7 |
| Debtor. | |
| Martha A. Miller, Trustee for the Chapter 7 Estate of Jason Ward Freeman, | |
| Movant, | |
| v. | |
| BRENDA FREEMAN, | |
| Respondent. | |

## NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS

**TO:  Brenda Freeman**
**632 Roxboro Trace**
**Lawrenceville, GA. 30044**

PLEASE TAKE NOTICE that as authorized by the Order of the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, entered on July 9, 2019 (Dkt. No. 40), a copy of which is attached (the "Order") and pursuant to Fed. Rule of Civil Proc. 45(a)(1)(C) & (D), made applicable to bankruptcy cases by Fed.R.Bankr. P. 2004 and 9016, Martha Miller ("Trustee") as Chapter 7 trustee in the above-captioned case,

{21306/006/01292417.DOCXv1}1

through counsel, has issued a Subpoena seeking the production of documents from Brenda Freeman beginning at 10:00 a.m. on the 7th day of August, 2019, and continuing on a rolling basis until such production is completed, at the offices of counsel for the trustee, 125 Clairmont Ave., Ste 440, Decatur, Georgia 30030, or to P.O. Box 5630, Atlanta, Georgia 31107, or preferably, electronically at mmiller@mmillertrustee.com.

PLEASE TAKE FURHTER NOTICE that as authorized by the order, Trustee reserves the right and opportunity to issue one or more additional Subpoenas to Brenda Freeman and as applicable personas associated with Brenda Freeman within the scope of inquiry authorized by FEBT 2004(b).

This 22nd day of July, 2019.

        Submitted:

        <u>Martha A. Miller</u>

        Martha A. Miller
        Georgia Bar No. 507950
        Attorney for Trustee

Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107
<u>mmiller@mmillertrustee.com</u>
(404) 941-7360

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_Northern_ District of _Georgia_

In re _Jason Ward Freeman,_
          Debtor

(Complete if issued in an adversary proceeding)

Case No. _19-53270-SMS_

Chapter _7_

_____
          Plaintiff
          v.

Adv. Proc. No. _____

_____
          Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Brenda Freeman_
         _(Name of person to whom the subpoena is directed)_

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: _Exhibit A hereto._

| PLACE  _125 Clairmont Ave, Ste 440_  _Decatur, GA 30030_ | DATE AND TIME  _August 7, 2019  10:00 am_ |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _7/22/19_

          CLERK OF COURT

                                                  OR  _[signature]_

_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing (name of party) _TRUSTEE_ _Martha A Miller_ , who issues or requests this subpoena, are:
_P.O. Box 5630 Atlanta, GA 31107; mmiller@mmillertrustee.com  404-941-7360_

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _Brenda Freeman at 632 Roxboro Trace Lawrenceville, GA 30044 by 1st class US Mail_ on *(date)* _7/22/19_ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _7/22/19_

_____
Server's signature

_MARTHA A MILLER_
Printed name and title

_P.O. Box 5630_
_Atlanta, GA 31107_
Server's address

Additional information concerning attempted service, etc.:

Case 19-53270-sms    Doc 45    Filed 07/22/19    Entered 07/22/19 16:48:56    Desc Main
Document      Page 5 of 6

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CASE NO. 19-53270-SMS |
| JASON WARD FREEMAN, | : |
| | : CHAPTER 7 |
| Debtor. | : |
| _____ | : |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **Trustee's Notice of Subpoena for Production of Documents, and Subpoena** by depositing the same in the United States mail with sufficient postage affixed thereto and addressed as follows, or electronically as indicated:

Office of the United States Trustee
Martin.P.Ochs@usdoj.gov

Brenda Freeman
632 Roxboro Trace
Lawrenceville, GA 30044

This 22nd day of July, 2019.

                                                                                              /s/ *Martha Miller*
                                                                                               Martha A. Miller
                                                                                               Georgia Bar No. 507950
                                                                                               Counsel for Trustee

Martha Miller Law, LLC
P.O. Box 5630
Atlanta, GA 31107
(404) 617-9708
mmiller@mmillertrustee.com

{21306/006/01292417.DOCXv1}